ESTATE OF O'MALLEY : FIRST NATIONAL BANK OF MADISON, Executor, and others, Respondents, vs. O'MALLEY, Appellant.

*September 9—October 7, 1941.*

458

For the appellant there were briefs by *Thomas, Orr & Isaksen,* attorneys, and *Leon E. Isaksen* and *Joseph G. Werner* of counsel, all of Madison, and oral argument by *Mr. Isaksen.*

For the respondents there was a brief by *Fred L. Holmes* and *F. D. Shuttleworth,* both of Madison, attorneys for the First National Bank, and by *Schubring, Ryan, Petersen & Sutherland* of Madison; attorneys for Herman A. Reichel, Elizabeth Reichel, Dorothy Statz Webber, Marjory Pollock, Frederick Pollock, and Joseph Pollock, and oral argument by *Mr. William Ryan, Mr. Holmes,* and *Mr. Shuttleworth.*

Rosenberry, C. J.    In this court the contention is made that the trial court was in error in holding that it was the intent of the testator—

"that all the rest, residue and remainder of her property and estate, after payments of debts, funeral and administration expenses, excepting goods and chattels of the ordinary kinds, are given, devised and bequeathed to the Central Wisconsin Trust Company, as trustee, to be held in trust and administered as in said second paragraph provided; and that there passed, by said last will and testament, to the Central Wisconsin Trust Company in trust, to be held and administered according to the provisions of said will, all bank deposits standing in the name of Louise O'Malley at the time of her death, all notes payable to her, and all other intangibles."

The question here is, What did the testatrix intend by the use of the term "personal property?" It must be borne in mind she was not skilled in the use of legal terms and drew her will herself unassisted by counsel. There is some suggestion that she copied it from a will in her possession.

It is considered that the contention of the appellant cannot be sustained. We cannot set out in this opinion all of the facts and circumstances connected with the execution of this will. We shall attempt to state the more significant facts from which we conclude that the term "personal property" was not intended by the testatrix to include her promissory notes, securities, or personalty other than personal effects such as household goods, furniture, jewelry, etc.

In the second paragraph of her will, the testatrix made elaborate provision for the investment of the residue of her estate which was designed for the protection of her father and mother. The testatrix had been married to Mr. O'Malley for a comparatively short time. Her surviving husband was in no way associated with the accumulation of her property which was derived mainly from insurance policies left to her by her first husband. It is perfectly plain from the language of the will that the testatrix supposed that the great bulk of her estate would pass to the residue and be administered as a trust fund for the benefit of those who were at least in part dependent upon her.

We doubt very much if the term "personal property," as used among laymen, commonly includes such things as money, promissory notes, bonds, mortgages, and other securities. Our observation has been that the term is most commonly used to refer to tangibles. Whether that is true or not it is clear that the testatrix used it in that sense in writing her will. Construed as the appellant would have it construed, the making of the will would have been almost a useless procedure. She left no child and the estate under our law would have passed to her

husband. That she wished to make a substantial provision for her parents is beyond controversy. This fact alone is sufficient to convince us that she used the term "personal property" in a limited sense and as not including notes and other securities. Upon the death of her father and mother, if they survived her, the trustee was to distribute the entire estate "excepting my personal property" to her nieces and nephews. Construed as appellant would have it construed, the amount going to her nieces and nephews compared to her whole estate would have been almost insignificant. In the fourth paragraph of her will she made the following provision :

"I, Louise O'Malley, formerly Louise Fuller have agreed with my husband Joseph M. O'Malley as to a division of our estates in our respective wills whereby we have released each other from a share in the others in the event of our deaths prior to May the 1st, 1938."

This was to cover the time they expected to be consumed on a trip abroad. She did not die until June 9, 1939, so that this provision has no legal effect but it is a very clear indication of what the testatrix had in her mind. Upon all the facts and circumstances, it is considered that the trial court arrived at the correct construction of this will. In this connection we cite the following authorities : *Wolf v. Schaeffner* (1881), 51 Wis. 53, 60, 8 N. W. 8; *Lowe v. Carter* (1856), 55 N. C. 377; *Bills v. Putnam* (1888), 64 N. H. 554, 15 Atl. 138, 140; *In re La Fetra's Estate* (1936), 14 Cal. App. (2d) 599, 58 Pac. (2d) 678; *In re Moore's Estate* (1913), 241 Pa. 253, 88 Atl. 432.

In tax statutes and in statutory definitions, the words "personal property" are given the meaning contended for by the appellant in this case. In the construction of a will the intention of the testator governs. Appellant says of the cases cited above that the wills showed on their face that the testatrix used

the words "personal property" in other than their ordinary sense. That is true in this case. When in connection with that we take into consideration the circumstances of the testatrix we can arrive at no other conclusion than that arrived at by the trial court.

*By the Court.*—Judgment appealed from is affirmed.